IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| REX WAYNE BELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| § | CIVIL ACTION NO. G-04-169 |
| v. § | |
| § | |
| STARBUCKS U.S. BRANDS CORP. § | |
| and STARBUCKS CORP. d/b/a § | |
| STARBUCKS COFFEE COMPANY, § | |
| § | |
| Defendants. § | |
| § | |

## FINAL JUDGMENT

**BE IT REMEMBERED** that on the 6th day of June 2005, this action came on for trial before the Court, without benefit of a jury, Honorable Samuel B. Kent, United States District Judge presiding. Plaintiff Rex Wayne Bell appeared in person, by and through his attorney, John Egbert, and announced ready for trial. Starbucks U.S. Brands Corporation and Starbucks Corporation d/b/a Starbucks Coffee Company, appearing by and through their attorneys John C. Rawls, Marc Louis Delflache, and Sarah A. Silbert, also announced ready for trial. The Court determined that it had jurisdiction over the subject matter and the parties to this proceeding, and that venue was proper. The Court then heard the evidence and the arguments of counsel. As explained in the Findings of Fact and Conclusions of Law, this day concurrently entered, the Court reached a verdict. The issues having been duly tried and decided, it is

**ORDERED, ADJUDGED,** and **DECREED** that Bell's sale of Star Bock Beer or related

1

minor promotional items out of The Old Quarter Acoustic Café, in Galveston, Texas, or any subsequently owned <u>local</u> establishment bearing the logo set out in Exhibit 1, and sold in conjunction with the musical activities presented at the Café does not in any way infringe, unfairly compete, dilute or otherwise impugn the Starbucks brands or trademarks. It is further

**ORDERED, ADJUDGED,** and **DECREED** that Bell's broader use of the terms Starbock Beer and Star Bock Beer and/or the sale of beer or promotional items in a more generalized context would likely cause infringement, unfair competition, and dilution to the Starbucks brands and trademarks, and such practices consequently are hereby **PROHIBITED**.  It is further

**ORDERED, ADJUDGED,** and **DECREED** that beyond such specific relief Defendants and Counter-Claimants **TAKE NOTHING** of and from Plaintiff.  Plaintiff's request to have Defendants' trademarks cancelled is **DENIED**.

All relief not expressly granted herein is **DENIED**.  Each Party is to bear its own attorney's fees, taxable costs, and expenses incurred herein to date.  **THIS IS A FINAL JUDGMENT**.

**IT IS SO ORDERED.**

**DONE** this 19th day of August, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge